CONNIFF, Appellant, v. ALLEN et al., Respondents.

(151 N. W. 1103.)

(File No. 3660.   Opinion filed March 8, 1915.)

**Quieting Title—Evidence—Finding—Sufficiency of Evidence.**

In an action to quiet title, evidence held sufficient to sustain a finding that the deed in issue was . executed by plaintiff and her husband; the trial court being in a much better position to judge of truthfulness and accuracy of witnesses testifying to contrary, than is the Supreme Court, and, the credibility of witnesses being an important factor, it must be given due weight in a doubtful case on conflicting and, in part, circumstantial, evidence.'

Appeal from Circuit Court, McCook County.   Hon. JOSEPH W. JONES, Judge.

Action by Hannah M. Conniff against L. E. Allen and others, to quiet title.   From a judgment for defendants, and from an order denying a new trial, Plaintiff appeals.   Affirmed.

*Sutherland & Payne,* and *E. H. Wilson,* for Appellant.

*A. C. Biernatzki,* and *Aikens & Judge,* for Respondents.

SMITH, J.   Action to quiet title.   Defendant claims in her

chain of title under a deed purporting to have been executed by plaintiff and her husband to one. Zimri Paris on February 14, 1892. Plaintiff alleges this deed to have been a forgery. The trial court found that the deed was executed by plaintiff and her husband, and gave judgment for defendant.

Appellant assigns insufficiency of the evidence to sustain this finding. The evidence is conflicting, and on the part of respondents is largely circumstantial. Zimri Paris, the purported grantee, is dead. A recapitulation or discussion of the evidence would serve no useful purpose, and we shall not attempt it. The trial court had before it the witnesses who denied the execution of the deed, and was in a much better position than this court could possibly be to judge of. the truthfulness and accuracy of memory of witnesses who testified to transactions occurring many years ago. The credibility of witnesses is a most important factor in determining whether a finding of the trial court is against the preponderance of evidence, and in a doubtful case must be given due weight.

Other issues are presented on the appeal, but they became unimportant in the view we take of this case.

The judgment and order of the trial court are affirmed.